AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

**Southern** DISTRICT OF **New York**

NEIL WOODS

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: **03 CV 011**

KARL GOODYEAR, INNOVATIONS OF ROCKLAND INC., GLORIA HANNA, LEROY ANDREW SR. and ANGELA BAKER

TO: (Name and address of defendant)

Karl Goodyear, 15 Raymond Place, Yonkers, NY
Innovations of Rockland Inc., 175 Route 9W, Congers, NY
Gloria Hanna, 102 Elm Street, Mount Vernon, NY
Leroy Andrew, Sr., 30 Park Avenue, Mount Vernon, NY
Angela Baker, PO Box 271, Hastings on Hudson, NY

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BARTON BARTON & PLOTKIN, LLP
420 Lexington Avenue
New York, NY 10170

an answer to the complaint which is herewith served upon you, within ___**20**___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE

(BY) DEPUTY CLERK

52/hlm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL WOODS<br><br>               Plaintiff,<br><br>    -against-<br><br>KARL GOODYEAR, INNOVATIONS OF ROCKLAND INC., GLORIA HANNA, LEROY ANDREW, SR. and ANGELA BAKER<br><br>               Defendants. | Plaintiff Demands a Trial by Jury<br><br>03cv.011<br><br><br>**VERIFIED COMPLAINT** |

Plaintiff NEIL WOODS, complaining of the defendants herein, by his attorneys, BARTON, BARTON & PLOTKIN, LLP, respectfully sets forth and alleges, upon information and belief, as follows:

## THE PARTIES

1. That at all times hereinafter mentioned, Plaintiff NEIL WOODS is a resident of the State of Pennsylvania.

2. That at all times hereinafter mentioned, Defendant KARL GOODYEAR was and still is a resident of the State of New York.

3. That at all times hereinafter mentioned, Defendant INNOVATIONS OF ROCKLAND INC., was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That all times hereinafter mentioned, Defendant INNOVATIONS OF ROCKLAND INC., had its principal place of business at 175 Route 9W North Unit #8, in the City of Congers, County of Rockland, State of New York.

-1-

5. That at all times hereinafter mentioned, Defendant INNOVATIONS OF ROCKLAND INC., was licensed to do business in the State of New York.

6. That at all times hereinafter mentioned, Defendant GLORIA HANNA was and still is a resident of the State of New York.

7. That at all times hereinafter mentioned, Defendant LEROY ANDREW, SR. was and still is a resident of the State of New York.

8. That at all times hereinafter mentioned, Defendant ANGELA BAKER was and still is a resident of the State of New York.

## JURISDICTION

9. The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §1132(a)(1) as this is a civil action between citizens of different States and the amount in controversy exceeds $75,000.

10. The United States District Court for the Southern District of New York has venue of this matter pursuant to 28 U.S.C. §1391 as this court is situated in the judicial district where a substantial part of the events giving rise to this claim occurred.

## AS AND FOR A CAUSE OF ACTION

11. That at all times hereinafter mentioned, defendant INNOVATIONS OF ROCKLAND INC. was the owner of a certain vehicle bearing New York State Registration/ License Number AJ567K.

12. That at all times hereinafter mentioned, defendant KARL GOODYEAR was in physical control and operated the aforesaid motor vehicle.

13. That at all times hereinafter mentioned, defendant KARL GOODYEAR was in physical control of and operated the aforesaid motor vehicle with the knowledge, authority, permission and consent, expressed or implied, of the defendant INNOVATIONS OF ROCKLAND INC.

14. That at all times hereinafter mentioned, defendant INNOVATIONS OF ROCKLAND INC. maintained the aforesaid motor vehicle.

15. That at all times hereinafter mentioned, defendant INNOVATIONS OF ROCKLAND INC. controlled the aforesaid motor vehicle.

16. That at all times hereinafter mentioned, defendant KARL GOODYEAR maintained the aforesaid motor vehicle.

17. That at all times hereinafter mentioned, defendant KARL GOODYEAR controlled the aforesaid motor vehicle.

18. That at all times hereinafter mentioned, defendant INNOVATIONS OF ROCKLAND INC. was under a duty to operate, control, supervise, manage and maintain the aforesaid motor vehicle in a safe, lawful and proper fashion so that no persons would be caused to sustain personal injuries.

19. That at all times hereinafter mentioned, defendant KARL GOODYEAR was under a duty to operate, control, supervise, manage and maintain the aforesaid motor vehicle in a safe, lawful and proper fashion so that no persons would be caused to sustain personal injuries.

20. That at all times hereinafter mentioned, defendant LEROY ANDREW, SR. was the owner of a certain vehicle bearing New York State Registration/ License Number Z941RE.

21. That at all times hereinafter mentioned, defendant GLORIA HANNA was in physical control and operated the aforesaid motor vehicle.

22. That at all times hereinafter mentioned, defendant GLORIA HANNA was in physical control of and operated the aforesaid motor vehicle with the knowledge, authority, permission and consent, expressed or implied, of the defendant LEROY ANDREW, SR.

23. That at all times hereinafter mentioned, defendant LEROY ANDREW, SR. maintained the aforesaid motor vehicle.

24. That at all times hereinafter mentioned, defendant LEROY ANDREW, SR. controlled the aforesaid motor vehicle.

25. That at all times hereinafter mentioned, defendant GLORIA HANNA maintained the aforesaid motor vehicle.

26. That at all times hereinafter mentioned, defendant GLORIA HANNA controlled the aforesaid motor vehicle.

27. That at all times hereinafter mentioned, defendant LEROY ANDREW, SR. was under a duty to operate, control, supervise, manage and maintain the aforesaid motor vehicle in a safe, lawful and proper fashion so that no persons would be caused to sustain personal injuries.

28. That at all times hereinafter mentioned, defendant GLORIA HANNA was under a duty to operate, control, supervise, manage and maintain the aforesaid motor vehicle in a safe, lawful and proper fashion so that no persons would be caused to sustain personal injuries.

29. That at all times hereinafter mentioned, defendant ANGELA BAKER was the owner of a certain vehicle bearing New York State Registration/ License Number V583TR.

30. That at all times hereinafter mentioned, defendant ANGELA BAKER was in physical control and operated the aforesaid motor vehicle.

31. That at all times hereinafter mentioned, defendant ANGELA BAKER maintained the aforesaid motor vehicle.

32. That at all times hereinafter mentioned, defendant ANGELA BAKER controlled the aforesaid motor vehicle.

33. That at all times hereinafter mentioned, defendant ANGELA BAKER was under a duty to operate, control, supervise, manage and maintain the aforesaid motor vehicle in a safe, lawful and proper fashion so that no persons would be caused to sustain personal injuries.

34. That at all times hereinafter mentioned, Plaintiff NEIL WOODS was the operator of a certain vehicle bearing Pennsylvania State Registration/ License Number AAV9330.

35. That at all times hereinafter mentioned, Plaintiff NEIL WOODS was the operator of the aforesaid motor vehicle with the permission of the owner Sylvia Woods.

36. That at all times hereinafter mentioned, South Broadway (Route 9) and Dows Lane, in the Village of Irvington, County of Westchester and State of New York, were and still are public roadways and/or thoroughfares used by residents of this State and others.

37. That at all times hereinafter mentioned, Plaintiff NEIL WOODS was lawfully operating his motor vehicle at the aforementioned location.

38. That at all times hereinafter mentioned, defendant KARL GOODYEAR was operating his vehicle at the aforementioned location.

39. That at all times hereinafter mentioned, defendant GLORIA HANNA was operating her vehicle at the aforementioned location.

40. That at all times hereinafter mentioned, defendant ANGELA BAKER was operating her vehicle at the aforementioned location.

41. That on or about the 3rd of March, 2000, while Plaintiff was lawfully upon South Broadway near the intersection with Dows Lane, Defendants of the aforesaid motor vehicle recklessly collided with each other's vehicles and the Plaintiff's herein.

42. That as a result of the foregoing, Plaintiff sustained serious, severe and permanent personal injuries as herein set forth

43. That the aforesaid occurrence and resultant injuries to Plaintiff were caused solely and wholly by reason of the carelessness, recklessness and negligence of the Defendants in the ownership, operation, management, maintenance, supervision and control of their aforesaid motor vehicles; in causing, permitting and/or allowing their vehicles to come in contact with Plaintiff's vehicle; that the Defendants' actions were gross, wanton, reckless and willful; in failing to keep their vehicle under proper control; in operating their vehicle at a dangerous, excessive and unlawful rate of speed under the circumstances; in hitting Plaintiff's vehicle in the rear; in failing to look; in failing to see; in failing to observe the traffic signs, signals and regulations at and governing the aforesaid location; in failing to avoid coming in contact with Plaintiff's vehicle; in making an illegal and unauthorized left hand turn; in failing to apply their brakes in a proper and timely fashion; in failing to equip their vehicles with properly operating equipment including, but not limited to, brakes and steering equipment; in failing to properly utilize the operating equipment of their vehicles; in failing to use the brakes and steering equipment of their vehicles in a proper and timely manner; in failing to heed and obey the traffic rules and regulations at and governing the operating motor vehicles in the State of New York; in failing to give the Plaintiff herein an opportunity to avoid this occurrence;

in failing to give any signal or warning to the Plaintiff herein prior to contact; in failing to sound horn in a proper and timely manner; in failing to use proper and good judgement in the operation of their vehicles; in failing to slow down and/or stop their vehicles in a proper and timely manner in order to avoid this occurrence; in failing to slow down or stop in order to avoid striking Plaintiff's vehicle and each others' vehicles; in failing to use all due care and caution in the operation, management and control of their vehicles; in failing to heed and observe the flow of traffic at the aforesaid location; in proceeding in violation of and in disregard of the safety of others; in violating the applicable laws, rules, statutes, ordinances and regulations in such cases made and provided and the defendants were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence all without any fault or lack of care on the part of the Plaintiff herein contributing thereto.

44. That as a result of the aforesaid occurrence, Plaintiff NEIL WOODS sustained injuries to his head, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and, upon information and belief, these injuries are permanent; that he has been unable to pursue his usual occupation and recreational activities for some time and, upon information and belief, will be unable to attend to his customary and usual occupation permanently and/or will be limited from doing so for a period of time in the future; that he has been confined to bed and home for some time; that he has been compelled to submit himself to medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, pleasures and pursuits of life.

45. That the Plaintiff sustained an injury as defined in subsection (d) of Section 5102 of the Insurance Law of the State of New York and has sustained economic loss in excess of basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law of the State of New York.

46. That this action falls within one or more of the exceptions set forth in C.P.L.R 1602.

47. That by reason of the foregoing, Plaintiff NEIL WOODS, has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against the defendants in a sum not to exceed Five Million Dollars, together with the interest, costs and disbursements of this action.

BARTON BARTON & PLOTKIN LLP

By: _____
Peter W. Yoars. Jr. (PY 7378)
Attorneys for Plaintiff
420 Lexington Avenue, Suite 1918
New York, NY 10170
(212) 687-6262