UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEIL WOODS

                    Plaintiff                   CV 011 03

  against                          VERIFIED ANSWER
                                       WITH CROSS CLAIM
KARL GOODYEAR, INNOVATIONS OF
ROCKLAND, INC., GLORIA HANNA,
LEROY ANDREW, SR. and ANGELA      SENT TO CHAMBERS
BAKER                                     FOR REVIEW

                                           SEP 1 2 2003

                  Defendants           U.S.D.C.S.D.N.Y.
                                              CASHIERS
-------------------------------------------------------------X

       The defendants, GLORIA HANNA and LEROY ANDREW, SR., by their attorneys, LEAHEY & JOHNSON, P.C., answering the complaint of the plaintiff herein, respectfully allege:

## THE PARTIES

    FIRST:     Deny knowledge or information thereof sufficient to form a belief as to all the allegations contained in the paragraphs designated "1", "2", "3", "4", "5", "6", "7" and "8"" of the plaintiff's complaint.

## JURISDICTION

    SECOND:     Deny knowledge or information thereof sufficient to form a belief as to all the allegations contained in the paragraphs designated "9" and "10"" of the plaintiff's complaint.

## AS AND FOR AN ANSWER TO
## A CAUSE OF ACTION

<u>THIRD</u>:  Deny knowledge or information thereof sufficient to form a belief as to all the allegations contained in the paragraphs designated "11", "12", "13", "14", "15", "16", "17", "20", "21", "22", "23", "24", "25", "26", "29", "30", "31", "32", "34", "35", "36", "37", "38", "39" and "40" of the plaintiff's complaint.

<u>SECOND</u>:  Deny each and every allegation contained in the paragraphs designated "18", "19", "27", "28" and "33" and begs leave to refer all questions of law to the court at the time of trial.

<u>THIRD</u>:  Deny each and every allegation contained in the paragraphs designated "41", "42", "43", "44", "45", "46" and "47" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

<u>FOURTH</u>:  The answering defendant alleges, upon information and belief, that whatever injury and damage were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the culpable conduct of the plaintiff, including assumption of risk.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

<u>FIFTH</u>:  In the event that a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

<u>SIXTH</u>:  That the plaintiff did not use the seat belts therein provided and that the damage claimed to have been sustained were caused by the lack of use of the

seat belts, and he did not avail himself of the protection device to mitigate the injury herein in accordance with the decision of SPIER V. BARKER, 35 N.Y.2d 444.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTH: That the plaintiff by not fastening the available automobile seat belts acted unreasonably and disregarded his own best interest and, accordingly, contributed to the happening of this accident in accordance with the decision of SPIER V. BARKER, 35 N.Y.2d 444.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTH: That the plaintiff has failed to sustain serious injury pursuant to 5102(d) of the Insurance Law of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINTH: The acts alleged were the acts of a person other than the defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TENTH: The plaintiff failed to mitigate damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

ELEVENTH: Defendants are entitled to a reduction in damages for any amounts plaintiff has received as collateral source payment as defined and applied by the Civil Practice Law and Rules.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWELFTH: These defendants' responsibility, if any, and which is expressly denied herein, is less than 50% of any responsibility attributable to any tortfeasor who is

or may be responsible for the happening of the plaintiff's alleged accident, whether or not a party hereto, and as such, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

AS AND FOR A CROSS CLAIM AGAINST
KARL GOODYEAR, INNOVATIONS OF ROCKLAND,
INC., and ANGELA BAKER, THE DEFENDANTS,
GLORIA HANNA and LEROY ANDREW, SR., ALLEGE
UPON INFORMATION AND BELIEF AS FOLLOWS

THIRTEENTH:    That if the plaintiff, NEIL WOODS sustained the injuries and damages in the manner and at the time and place alleged and if it is found that the answering defendants, GLORIA HANNA and LEROY ANDREW, SR., are liable to plaintiff herein, then said answering defendants, on the basis of apportionment of responsibility for the alleged occurrence, are entitled to contribution, apportionment, and/or indemnification from and judgment over against the aforementioned co-defendants, KARL GOODYEAR, INNOVATIONS OF ROCKLAND, INC., and ANGELA BAKER for all or part of any verdict or judgment that plaintiff may recover against said answering defendants.

WHEREFORE, defendants, GLORIA HANNA and LEROY ANDREW, SR., demand judgment dismissing the plaintiff's complaint against their together with the costs and disbursements of this action, and further demand that in the event said answering defendants are found liable to plaintiff herein, then said answering defendants on the basis of contribution, apportionment of responsibility and/or indemnification have judgment over against the aforementioned co-defendants, for all or part of any verdict or judgment that plaintiff may recover, together with the costs and disbursements of this

action, and for any expenses incurred by it in the defense thereof, including attorneys' fees.

Dated: New York, New York
September 11, 2003

Yours, etc.,

STEVEN MARTIN, ESQ.
SM: 5200
LEAHEY & JOHNSON, P.C.
Attorneys for Defendants
GLORIA HANNA and LEROY ANDREW, SR.
120 Wall Street, Suite 2220
New York City, New York 10005

TO:

Barton, Barton & Plotkin, LLP
420 Lexington Avenue, Suite 1918
New York, New York 10170

Wilson, Bave, Conboy, Cozza & Couzens
Two Williams Street
White Plains, New York 10601

Acito & Klein
535 Fifth Avenue
New York, New York 10017

## CERTIFICATE OF SERVICE

I, hereby certify that on this 11th day of September, 2003 a true and correct copy of:

VERIFIED ANSWER WITH CROSS CLAIM

was served upon opposing counsel by depositing it in the United States mail in a properly addressed envelope with sufficient postage, addressed as follows:

TO:

Barton, Barton & Plotkin, LLP
420 Lexington Avenue, Suite 1918
New York, New York 10170

Wilson, Bave, Conboy, Cozza
& Couzens
Two Williams Street
White Plains, New York 10601

Acito & Klein
535 Fifth Avenue
New York, New York 10017

_____
STEVEN MARTIN, ESQ.
SM: 5200
LEAHEY & JOHNSON, P.C.
Attorneys for Defendants
GLORIA HANNA and LEROY
ANDREW, SR.
120 Wall Street, Suite 2220
New York City, New York 10005