7262/jc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEIL WOODS,

Plaintiff,

-against-

KARL GOODYEAR, INNOVATIONS OF ROCKLAND, INC., GLORIA HANNA, LEROY ANDREW, SR. and ANGELA BAKER,

Defendants.

03 CV 011 (TPG) (MHD)

**PLAINTIFF'S RESPONSE TO INTERROGATORIES OF DEFENDANTS GLORIA HANNA & LEROY ANDREW, SR.**

Plaintiff NEIL WOODS, by his attorneys, BARTON, BARTON & PLOTKIN, LLP, without waiving his objections pursuant to FRCP Rule 33 and Local Civil Rule 33.3 (a), as and for his Response to the Interrogatories of Defendants GLORIA HANNA and LEROY ANDREW, SR., respectfully sets forth the following upon information and belief:

1. **The particular acts or omissions constituting the alleged negligence including the title, chapter and section of each and every Statute, Ordinance, Regulation and Rule claimed to have been violated by answering defendant(s).**

**Answer:** Improper question at this time pursuant to Local Civil Rule 33.3(a) and (c). Please refer to Paragraph 43 of the Verified Complaint.

2. **State the date and exact time of the accident complained of herein.**

**Answer:** The accident alleged herein occurred on March 3, 2000 at approximately 8:00 am.

3. **State the name of the road, street or highway which the accident described in the complaint occurred on, and the nearest intersecting road, street or highway so as to**

**locate the place of accident, giving the compass direction in which the vehicle mentioned in the complaint was proceeding.**

**Answer:** The accident occurred on South Broadway (Route 9) at its intersection with Dows Lane in the Village of Irvington, County of Westchester and State of New York. Upon information and belief, Plaintiff was traveling northbound on South Broadway (Route 9).

4. **State whether any vehicles were involved in the accident and if so; a.) state the names of the registered owners and of the operators of the other vehicles; b.) the addresses of the owners and operators of the other vehicles, and; c.) the registration numbers of the other vehicles. State the road conditions, that is, whether wet, dry, or slippery, etc.**

**Answer:** Objection; This is a matter of public record.

5. **State lane in which each vehicle was proceeding before contact.**

**Answer:** Improper question at this time pursuant to Local Civil Rule 33.3(a) and (c).

6. **State whether the road or roads where the accident occurred were controlled by traffic lights or signals and, if so, place them to sufficiently locate the place of such traffic signals.**

**Answer:** Improper question at this time pursuant to Local Civil Rule 33.3(a) and (c).

7. **Describe in detail the injuries sustained by each plaintiff(s) as a result of the alleged accident, including all marks and which part or parts of the body affected.**

**Answer:** As a result of Defendants' negligence, Plaintiff sustained the following serious and permanent personal injuries:

**Severe spinal stenosis at the C4-5, C5-6 and C6-7 level, with compression of the spinal cord;**

**C6-7 Radiculopathy;**

**As a result of the foregoing, Plaintiff was forced to undergo anterior cervical discectomy and decompression at C4-5, C5-6 and C6-7; Partial vertebrectomy of C4, C5, C6 and C7; Harvest of the bone graft from the Iliac bone; and Interbody Fusion at C4-5, C5-6 and C6-7;**

**That as a result of the above injuries, Plaintiff was required to wear a Philadelphia collar and undergo extensive physical therapy, and, Plaintiff continues to receive physical therapy treatments to the present and continuing;**

**That as a result of the above injuries, Plaintiff was required to take Percocet, anti-inflammatory medications, as well as analgesics for pain;**

That the above injuries were accompanied by and productive of severe radiating pain; pulling sensation; numbness; difficulty swallowing; tenderness; rigidity; stiffness; swelling; weakness; burning sensation; denervation; paresthesia; synovitis; malfunction; arthritis; spasms; restriction and limitation of all movement, motion and bending of the neck, back and spine; limping; abnormal and irregular gait; post-traumatic arthritis and/or arthritic changes; pain on change of weather; soreness; muscle spasms; induration; neck ache; difficulty turning head; difficulty sleeping due to intense pain; narrowing; instability; difficulty and pain walking, standing, climbing and descending stairs; difficulty and pain on bending and straightening up; discomfort in hip area radiating to both legs; continued pain in legs; back pain radiating to posterior portion of the legs; pain in thighs, calves, feet, and toes; stooped and photic gait; restricted full and guarded movements; movements with great difficulty; marked muscle spasms; tenderness throughout spine, scarring; osteoarthritis; change-of-weather sensations; effusions; throbbing sensations; edema; loss of strength; fatigue; thickening; contracture; fluid; pigmentation; bleeding; softening; discoloration; fragmentation; ecchymosis; myositis; atrophy; sensitivity; shrinking; anesthesia; separation; calcification; osteoporosis; tearing; neuropathy; adhesions; aching sensation all over; discomfort, deformity, and disability;

**All of the foregoing injuries involved damage to the nerves, tendons, ligaments, cartilage, muscles, blood vessels, and soft tissues;**

**Plaintiff has been advised that the aforementioned conditions are of a chronic and protracted nature and will have permanent, residual effects and will manifest permanent sequelae, and Plaintiff expressly claims any and all sequelae and/or residuals which may manifest themselves prior to the time of trial;**

**Plaintiff further claims any and/or all damage or injury to surrounding tissues, ligaments, cartilage, muscles, and supporting structures at the site of the injuries;**

**Upon information and belief, Plaintiff will require future surgery;**

**Upon information and belief, the foregoing injuries are permanent and lasting in their nature.**

8. **If any plaintiff(s) has any permanent injury as a result of the alleged accident, describe it in detail.**

**Answer:** Plaintiff has been advised that the aforementioned conditions are of a chronic and protracted nature, will have permanent and residual effects and will manifest permanent sequelae. Furthermore, Plaintiff expressly claims any and all sequelae and/or residuals that may manifest themselves up to and including the time of trial.

9. **If any plaintiff(s) received treatment at any hospital or hospitals, describe such treatment, giving the names and addresses of each hospital, the dates and whether received as an out-patient or as an in-patient.**

**Answer:** Plaintiff was confined to hospitals as follows:

**New York University Medical Center**
ADMITTED: 8/22/2000 through 8/25/2000

Following his discharge from the hospital as aforesaid, Plaintiff was confined to bed and home on a partial and intermittent basis thereafter, to date. Defendants are further referred to Plaintiff's Mandatory Disclosure and Response to Notice For Production for medical discovery information.

10. **If any plaintiff(s) was treated by a physician or physicians, as a result of the alleged accident, list the number of treatments given, the dates as far as possible, including in particular the date of the first and last times plaintiff(s) saw said physician or physicians.**

**Answer:** Objection; Not in the form of an Interrogatory. Not withstanding the foregoing objection, and without waiving any rights to objections, Defendants are referred to Plaintiff's Mandatory Disclosure and Response to Notice For Production. Furthermore, Plaintiff reserves the right to provide his expert disclosure pursuant to FRCP 26(a)(2) at a later date.

**11. If any plaintiff(s) was treated by a physician or physicians, list the names and addresses of all who treated them.**

**Answer:** See Response 10.

**12. If at the time of the alleged accident any plaintiff(s) was engaged in a gainful occupation, state the wages or salary that he was receiving at the time.**

**Answer:** At the time of the occurrence, Plaintiff was employed by King Lumber, P.O. Box 702, Meadow Street, Goldens Bridge, New York 10526. Furthermore, he was earning approximately $750.00 per week at the time of the occurrence.

**13. If any plaintiff(s) was incapacitated from work as a result of the alleged accident, state the dates between which they were so incapacitated.**

**Answer:** At this time, Plaintiff is unable to state with certainty the exact dates of employment, which were missed as a result of the accident. However, Plaintiff missed approximately twelve (12) weeks of employment prior to working at Dykes Lumber Co. in Elmsford, NY. Moreover, Plaintiff claims to have missed approximately six (6) months of work since the accident herein. Authorizations for places of employment will be provided under separate cover.

**14. If any plaintiff(s) has suffered financial loss as a result of the alleged accident, state in what amount, itemizing: a.) doctors' bills; b.) nurses' notes; c.) hospital(s) expenses; d.) loss of wages, salary.**

**Answer:** Plaintiff reserves the right to supplement this response at a later date as more information becomes available. Plaintiff is making a claim for lost earnings for approximately $25,000.00. This amount excludes any raises, bonuses and overtime pay for which he would

have been eligible in the absence of the personal injuries sustained as a result of the accident. Plaintiff further reserves the right to supplement and/or amend this amount up to the time of trial.

**15. State whether any plaintiff(s) made claim for benefits under any medical pay coverage or policy of insurance relating to injuries described in the complaint, and if so, state: a.) the name of the insurance company or organization to whom said claim was made; b.) the date of the claim or application; c.) the claim number and policy number; d.) the amount of said claim or claims; e.) the amount received on said claim or claims.**

**Answer:** Objection; Not in the form of an Interrogatory. Notwithstanding the foregoing objection, and without waiving any rights to objections, Defendants are referred to Plaintiff's Response to Notice For Production.

Plaintiff reserves the right to supplement this Response pursuant to Local Civil Rule 33.3.

Dated: New York, New York
February 18, 2004

BARTON, BARTON & PLOTKIN, LLP

By: ____________________
PETER W. YOARS, JR. (PY 7378)
420 Lexington Avenue
New York, NY 10170
(212) 687-6262

TO:

LEAHEY & JOHNSON, P.C.
Attorneys for Defendants: Gloria Hanna
and Leroy Andrew, Sr.
120 Wall Street, Suite 2220
New York, NY 10005

ACITO, KLEIN & CANDILOROS, PC
Attorneys for Defendants:
Karl Goodyear and Innovations Of Rockland, Inc.
535 Fifth Avenue
New York, NY 10017

WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C.
Attorneys for Defendant: Angela Baker
2 William Street
White Plains, NY 10601