UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index # 03 CV 011
NEIL WOODS,

                Plaintiff,                      MEMORANDUM OF LAW
                                                        IN SUPPORT OF MOTION
                                                        FOR SUMMARY JUDGMENT

        -against-

KARL GOODYEAR, INNOVATIONS OF
ROCKLAND, INC., GLORIA HANA, LEROY
ANDREW, SR. and ANGELA BAKER,

                Defendants.
------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56


Dated:   New York, New York
            March 20, 2006

                                                 LEAHEY & JOHNSON, P.C.

                                                 *Office and Post Office Address*
                                                 120 Wall Street, Suite 2200
                                                 New York, New York 10005
                                                 (212) 269-7308

## TABLE OF CONTENTS

Table of Authorities .................................................................. ii

Defendant's Vehicle Was
Stopped When it Was Rear-Ended
By Plaintiff's Vehicle................................................................ 2

Plaintiff's Complaint Should Be Dismissed
As He Cannot Establish A Triable Issue of Fact
Against Defendant Hanna ......................................................... 4

## TABLE OF AUTHORITIES

**Statutes**

Vehicle and Traffic Law §120 .................................................................... 2, 3

### UNITED STATES DISTRICT COURT CASES

Ortiz v. Rosner
1992 U.S. Dist. LEXIS 2869............................................................... 2

Katona v. Federal Express Corp.
1998 U.S. Dist. LEXIS 3469............................................................... 2

Leber v. Hill
1987 U.S. Dist. LEXIS 9746............................................................... 2

### NEW YORK SUPREME COURT - APPELLATE DIVISION, SECOND DEPARTMENT CASES

Mascitti v. Greene,
250 A.D.2d 281, 673 N.Y.S.2d 206, (2nd Dept. 1998); ......................... 2,4

Leal v. Wolff,
224 A.D.2d 392, 638 N.Y.S.2d 110, (2nd Dept. 1996). ......................... 2,4

Young v. City of New York,
113 A.D.2d 833, 493 N.Y.S.2d 585 (2nd Dept. 1985) . ......................... 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index # 03 CV 011
NEIL WOODS,
                            Plaintiff.                          MEMORANDUM OF LAW
                                                                IN SUPPORT OF MOTION
                                                                FOR SUMMARY JUDGMENT
            -against-

KARL GOODYEAR, INNOVATIONS OF
ROCKLAND, INC., GLORIA HANA, LEROY
ANDREW, SR. and ANGELA BAKER,

                            Defendants.
------------------------------------------------------------X
```

## STATEMENT OF FACTS

This is an action to recover for personal injuries allegedly sustained by Plaintiff as a result of a four-car accident. This Court's jurisdiction is based on diversity of citizenship and, accordingly, New York State substantive law applies.

1.  Plaintiff is a New York resident who was involved in a motor vehicle accident on March 3, 200, at approximately 8:08 a.m. on Rout 9, in the Village of Irvington, County of Westchester and State of New York.

2.  Defendant KARL GOODYEAR who was operating a vehicle owned by INNOVATIONS OF ROCKLAND, INC. was the first car involved in the accident. Defendant GLORIA HANNA who was operating Defendant LEORY ANDREW, SR.'s vehicle at the time of the accident was the **second car** involved in the accident. The Plaintiff NEIL WOODS was the driver of the **third vehicle** involved in the motor vehicle accident and was directly behind the

defendant GLORIA HANNA'S vehicle. Defendant ANGELA BAKER was the fourth car involved in the accident was directly behind the plaintiff at the time of the accident.

## I.

### DEFENDANT GLORIA HANNA IS ENTITLED TO SUMMARY JUDGMENT AS HER VEHICLE WAS STOPPED AT THE TIME OF THE ACCIDENT WHEN IT WAS REAR-ENDED BY THE PLAINTIFF'S VEHICLE

3. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the "pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is not genuine issue as to any material fact". See Federal Rules of Civil Procedure 56(c). In the case at bar, Defendant GLORIA HANNA is entitled to summary judgment as the depositions of the plaintiff NEIL WOODS, defendants GLORIA HANNA and ANGELA BAKER establishes that there is no genuine issue of fact as to the occurred of the accident. All parties concur that Plaintiff NEILD WOODS struck Defendant GLORIA HANNA in the rear while her vehicle was stopped.

4. In this current action Summary Judgment is appropriate as New York case law has clearly established that a rear-end collision with a stopped automobile establishes a prima facie case of negligence against the operator of the moving vehicle. Ortiz v. Rosner, 1992 U.S. Dist. LEXIS 2869; Katona v. Federal Express Corp.,1998 U.S. Dist. LEXIS 3469; Leber v. Hill 1987 U.S. Dist. LEXIS 9746; Mascitti v. Greene, 250 A.D.2d 281, 673 N.Y.S.2d 206, (2nd Dept. 1998); Leal v. Wolff, 224 A.D.2d 392, 638 N.Y.S.2d 110, (2nd Dept. 1996).

5. Furthermore, the New York Vehicle and Traffic Law ("VTL") has codified the responsibility of motor vehicle operators in relation to traveling behind another driver in VTL § 1120, Following too closely. Section 1120 of the VTL states the following;

(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

(b) The driver of any motor truck or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district and which is following another motor truck or motor vehicle drawing another vehicle shall, whenever conditions permit, leave sufficient space so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a motor truck or motor vehicle drawing another vehicle from overtaking and passing any like vehicle or other vehicle.

(c) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions.

6. Accordingly, based on the deposition transcripts of the Plaintiff NEIL WOODS, Defendant GLORIA HANNA and Defendant ANGELA BAKER, Defendant GLORIA HANNA has proffered a prima facie showing of negligence on the part of the plaintiff. Plaintiff NEIL WOODS rear ended defendant GLORIA HANNA while her vehicle was stopped. Not only did Defendant GLORIA HANNA testify that her **vehicle was stopped when it was rear-ended** by the plaintiff, but the **plaintiff confirmed this account of the accident** his deposition transcript (See **Exhibit C** page 35-36 and **Exhibit D** page 24-25). In addition, Defendant ANGELA BAKER confirmed this account of the accident. Accordingly, a reading on the relevant portions of these deposition transcripts establishes Defendant GLORIA HANNA'S entitlement to summary judgment as she is not liable for the accident.

3

## II.

## ARGUMENT

**PLAINTIFF IS UNABLE TO ESTABLISH A TRIABLE ISSUE OF FACT THAT DEFENDANT GLORIA HANNA WAS NEGLIGENT AND THAT HER NEGLIENCE WAS THE PROXIMATE CAUSE OF THE ACCIDENT**

7. Additionally, in actions in which the plaintiff is the operator of the moving vehicle involved in a rear-end collision, not only must the plaintiff provide a non-negligent reason for the accident, but he must also raise a triable issue of fact as to whether the stopped vehicle was negligent and whether this negligence was the proximate cause of the accident. Hanak v. Jani, 265 A.D.2d 453, 696 N.Y.S.2d 237, (2nd Dept. 1999); Young v. City of New York, 113 A.D.2d 833, 493 N.Y.S.2d 585 (2nd Dept. 1985); Mascitti, 250 A.D.2d 821, 822 (2nd Dept, 1998).

8. The Appellate Division in Hanak, reversed the trial court's ruling and granted the defendants Summary Judgment. Hanak, 265 A.D.2d 453, 454. The Hanak Court held that although the plaintiff had established a non-negligent reason for rear-ending the defendant's motor vehicle, he failed to raise a triable issue of fact as to whether the defendant was negligent and whether this negligence was the proximate cause of the accident. Id, at 454.

9. Similar to Hanak, the plaintiff in this current action is unable to raise a triable issue of fact as to whether the defendant GLORIA HANNA was negligent in the operation of her motor vehicle and whether her negligence was the proximate cause of the accident. Defendant

GLORIA HANNA stopped her vehicle because the vehicle in front of her (GOODYEAR) stopped his vehicle. Accordingly, Summary Judgment is appropriate.

10. The defendant GLORIA HANNA testified that she her vehicle was stopped when it was rear-ended by the plaintiff. The Plaintiff's testimony does not raise a triable issue of fact as to how the accident occurred, instead it confirms defendant GLORIA HANNA's account of the accident. Defendant ANGELA BAKER also confirms that plaintiff NEIL WOODS rear-ended GLORIA HANNA'S vehicle. Accordingly, Defendant GLORIA HANNA should be entitled to summary judgment on liability and all claims and cross-claims should be dismissed against her.

## CONCLUSION

Based upon the above case law and the supporting affirmation, along with its attached exhibits, of the plaintiff and Defendant GLORIA HANNA, it is clear that the Defendants GLORIA HANNA and LEROY ANDREW, SR. have established a prima facie showing of entitlement to Summary Judgment. The burden has now shifted to the plaintiff to raise a triable issue of fact as to whether the Defendant GLORIA HANNA was negligent and whether that negligence was the proximate cause of the accident. It is respectfully submitted that the Plaintiff will be unable to do so, accordingly, the Plaintiff's complaint should be dismissed as well as all cross-claims against the defendants GLORIA HANNA and LEROY ANDREW SR.

WHEREFORE, it is respectfully requested that the Court grant summary judgment to the Defendants, GLORIA HANNA and LEROY ANDREW, SR. dismiss the Plaintiff's Complaint and all cross-claims in their entirety and with prejudice, and grant such other and further relief that this Court deems just and proper.

### Attorney's Certification

*The undersigned hereby certifies that, to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, the presentation of the within Statement of Facts in Support of Summary Judgment or the contentions contained herein are not frivolous as defined in FRP Rule 11 (b).*

Dated:   New York, New York
         March 20, 2006

:

Yours, etc.

Signed by STEVEN MARTIN
STEVEN MARTIN, (SM 5200)
LEAHEY & JOHNSON, P.C.
Attorney's for the Defendants
GLORIA HANA and LEROY ANDREW
120 Wall Street
New York, New York 10005
(212)269-7308

TO:
BARTON BARTON & POLTKIN, LLP
Attorneys for Plaintiff
420 Lexington Avenue
New York, New York 10170
(212) 687-6262

WILSON, BAVE, CONBOY, COZZA & COUZENS
Attorneys for Defendant, BAKER
2 Williams Street
White Plains, New York 10601

ACITO KLEIN & CANDILOROS, P.C.
Attorneys for Defendants, KARL GOODYEAR,

and INNOVATIONS OF ROCKLAND, INC.
535 Fifth Avenue
New York, New York 10017
(212) 370-4545

7